# Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JM TEXAS COMPANIES, L.L.C., AND EAGLE RAILCAR SERVICES-WICHITA FALLS, TEXAS, L.L.C., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 7:17-cv-00146 |
| ALTERRA AMERICA INSURANCE COMPANY, | § § § | |
| Defendant. | § § | |

## EXHIBIT A

1. Index of All Documents Filed in the State Court Action

2. Docket Sheet in the State Court Action

3. Documents filed in the State Court Action

   a. Plaintiffs' Original Petition
      Filed:       August 31, 2017

   b. Return of Citation served on Defendant Alterra American Insurance Company by Certified Mail #7016 1370 0000 6620 3462
      Served:     September 6, 2017
      Filed:       September 11, 2017

   c. Defendant Alterra America Insurance Company's Original Answer with Affirmative and Other Defenses to Plaintiffs' Original Petition
      Filed:       September 29, 2017

# Exhibit A-1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JM TEXAS COMPANIES, L.L.C., AND EAGLE RAILCAR SERVICES-WICHITA FALLS, TEXAS, L.L.C., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 7:17-cv-00146 |
| ALTERRA AMERICA INSURANCE COMPANY, | § § § | |
| Defendant. | § § | |

## INDEX OF DOCUMENTS FILED IN STATE COURT ACTION

1. Plaintiffs' Original Petition
   Filed:          August 31, 2017

2. Return of Citation served on Defendant Alterra American Insurance Company by Certified Mail #7016 1370 0000 6620 3462
   Served:         September 6, 2017
   Filed:          September 11, 2017

3. Defendant Alterra America Insurance Company's Original Answer with Affirmative and Other Defenses to Plaintiffs' Original Petition
   Filed:          September 29, 2017

# Exhibit A-2

WICHITA COUNTY CIVIL CASE SUMMARY - PLEADINGS ONLY
CAUSE # 186,971-C

==================================================================

JM TEXAS COMPANIES, LLC            ATTORNEY: DEAN,RANDAL
                                            201 MAIN STREET,
                                            FORT WORTH, TX 76102
                                            (817)338-4888

    EAGLE RAILCAR SERVICES-WICHITA FALL  ATTORNEY: DEAN,RANDAL
                                            201 MAIN STREET,
                                            FORT WORTH, TX 76102
                                            (817)338-4888


                        --VS.--


    ALTERRA AMERICA INSURANCE COMPANY    ATTORNEY: TIPPETT, TODD M
                                            901 MAIN ST STE 4000
                                            DALLAS, TX 75202-3975
                                            (214)742-3000


CAUSE OF ACTION: DEBT/CONTRACT - DEBT/CONTRACT
FILE DATE: 08/31/2017


==================================================================

| DATE | NATURE OF PROCEEDINGS | AMOUNT | USER |
|------|-----------------------|--------|------|
| | REMARKS | | |
| 08/31/2017 | DIST CONSUMER/COMMERCIAL DEBT | $277.00 | JYOU |
| | PLAINTIFF'S ORIGINAL PETITION | | |
| 08/31/2017 | CIVIL INFORMATION SHEET | $0.00 | JYOU |
| | CIVIL CASE INFORMATION SHEET.PDF | | |
| 08/31/2017 | SERVICE REQUEST SHEET | $0.00 | JYOU |
| | COVER LETTER.PDF | | |
| 08/31/2017 | JURY FEE | $40.00 | JYOU |
| 08/31/2017 | RECEIPT ISSUED | $317.00 | JYOU |
| | 424128 | | |
| 08/31/2017 | DEPOSITORY ACCOUNT PAYMENT | $151.00 | JYOU |
| | PAID BY RCPT # 424128 | | |
| 09/01/2017 | CITATION/CERT. MAIL | $17.00 | LGUT |
| 09/01/2017 | RECEIPT ISSUED | $17.00 | LGUT |
| | 424147 ($17.00 DEPOSITORY ACCT MONEY USED) | | |
| 09/01/2017 | CERTIFIED COPY | $9.00 | LGUT |
| 09/01/2017 | RECEIPT ISSUED | $9.00 | LGUT |
| | 424148 ($9.00 DEPOSITORY ACCT MONEY USED) | | |
| 09/11/2017 | CLERK RETURN | $125.00 | JYOU |
| | CIT | | |
| 09/11/2017 | RECEIPT ISSUED | $125.00 | JYOU |
| | 424449 ($125.00 DEPOSITORY ACCT MONEY USED) | | |

09/29/2017          ANSWER                                    $0.00    FFIN
          ALTERRA AMERICA INSURANCE COMPANY
     WICHITA COUNTY CIVIL CASE SUMMARY - PLEADINGS ONLY
               CAUSE # 186,971-C

=================================================================

CAUSE OF ACTION: DEBT/CONTRACT - DEBT/CONTRACT
FILE DATE: 08/31/2017

=================================================================

DATE                NATURE OF PROCEEDINGS              AMOUNT   USER
          REMARKS

=================================================================

TOTAL PLEADINGS LISTED: 13

# Exhibit A-3

Exhibit A-3-a

Filed 8/31/2017 3:22 PM
Patti Flores
District Clerk
Wichita County, Texas

Jamie Young

## CAUSE NO. 186,971-C

| | | |
|---|---|---|
| JM TEXAS COMPANIES, L.L.C., AND **§** | | IN THE DISTRICT COURT |
| EAGLE RAILCAR SERVICES-WICHITA **§** | | |
| FALLS, TEXAS, LLC **§** | | |
| *Plaintiffs,* **§** | | |
| **§** | | |
| **§** | | |
| v. **§** | | OF WICHITA COUNTY, TEXAS |
| **§** | | |
| **§** | | |
| ALTERRA AMERICA INSURANCE **§** | | |
| COMPANY **§** | | |
| *Defendant.* **§** | | 89TH  JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME JM TEXAS COMPANIES, L.L.C., and EAGLE RAILCAR SERVICES-WICHITA FALLS, TEXAS, LLC, Plaintiffs in the above styled and numbered cause, and file this their Original Petition and in support of which would respectfully show the Court as follows:

### I.
### DISCOVERY LEVEL

Plaintiffs designate Discovery Control Plan Level III pursuant to Rule 190.4 of the *Texas Rules of Civil Procedure.* Pursuant to Rule 47(c) of the *Texas Rules of Civil Procedure,* Plaintiffs seeks monetary relief greater than $1,000,000.00.

### II.
### PARTIES

Plaintiff JM Texas Companies, L.L.C., (hereinafter "JM Texas Companies") is a domestic limited liability company organized and doing business under the laws of the State of Texas.

Plaintiff Eagle Railcar Services-Wichita Falls, Texas, LLC (hereinafter "Eagle Railcar") is a domestic limited liability company organized and doing business under the law of the State of Texas.

PLAINTIFF'S ORIGINAL PETITION                                                                                    PAGE 1

Defendant Alterra America Insurance Company (hereinafter "Alterra"), is a foreign insurance carrier licensed to do business in the state of Texas. Defendant Alterra America Insurance Company may be served with process by serving its agent for process, C T Corporation System, 350 North St. Paul Street, Dallas, Texas, 75201, or C T Corporation System, 1999 Bryan Street, Suite 900, Dallas Texas 75201.

## III.
## VENUE AND JURISDICTION

Venue is proper in Wichita County, Texas, pursuant to *Texas Civil Practice and Remedies Code* § 15.002 (a)(1) because Wichita County, Texas is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred and the county where the property the subject of the dispute is located. Further, this Court has jurisdiction over this cause as the amount in controversy is in excess of the minimum jurisdictional limits of this court, exclusive of costs and interest, pursuant to *Texas Government Code* §24.007 *et. seq.*

## IV.
## VICARIOUS LIABILITY

Whenever it is alleged herein that Defendant Alterra committed any acts or omissions, it is also alleged that such acts or omissions were committed by Alterra directors, officers, agents or employees while acting within the course and scope of their respective employment with Defendant Alterra.

## V.
## FACTS

Defendant Alterra issued insurance policy, with one or more renewals, (hereinafter the "Policies"), identified as Policy No. MAXA5IM0049537 and previous Alterra America Insurance Company Policies, designating Plaintiffs JM Texas Companies, LLC and Eagle Railcar Services-Wichita Falls, Texas, LLC as the named insureds. The Policies insured the commercial property

located at 4513 Allendale Road, Wichita Falls, Texas 76310 (hereinafter the "Property") against loss occurring from damage to the Property as a result of hail and windstorm, as is defined in the Policies. The term of the Policies was February 26, 2014 through June 30, 2016 and the Policies remained in full force and effect throughout the Policies terms.

Alterra represented to Plaintiffs that the insurance coverage specified under the Policies was appropriate coverage for Plaintiffs' Property and that the Property was of such condition to be insurable with replacement cost coverage at the time of application of the Policies. Alterra also represented that the Policies would pay monetary benefits to Plaintiffs in the event of damage to the commercial buildings on the Property caused by a hail or windstorm occurring during the effective dates of the Policies. The Policies issued by Alterra to Plaintiffs were in full force and effect on the date of loss.

The commercial buildings on the Property insured by Alterra suffered substantial wind and hailstorm damage during the Policies' terms. The physical evidence reveals that the buildings on the Property were struck by large hail and suffered numerous significant impacts, which caused substantial damage to the Property and compromised the integrity of the entire roofing system. Plaintiffs promptly provided notice of the loss to Alterra and/or its agents, fully complying with its duties under the Policies for giving required notice of losses and/or claims. The loss was assigned Claim No. MXMP41469 by Alterra.

Alterra determined that the wind and hailstorm caused no damage to the Property. Alterra denied Plaintiffs' Claim.

Alterra retained Rob D. Gerlock, C.E.T. from Unified Building Sciences and Engineering to inspect the Property. Mr. Gerlock determined that the damage to the roof panels predated Plaintiffs' acquisition of the Property. Based on Mr. Gerlock's determination that the damage

occurred before Plaintiffs purchased the Property, Alterra denied coverage under the claim. Additionally, Alterra denied coverage, claiming that the alleged hail-caused indentations did not damage the metal roof panels.

Alterra's damage assessment and denial of Plaintiffs' Claim ignores obvious weather-related damages to the metal roofs of the Property, including the functional damage to the Property. The metal roofs of the Property require replacement. Alterra has been advised of these facts and Alterra has received actual notice of the damage sustained to the Property.

Alterra has failed and continues to fail to pay the full amount required to properly repair the interior and exterior of the Property, including the roofing system of the Property, for damages caused by wind and hailstorm. Given the evidence and analysis available to Alterra that hail and windstorm caused extensive damage to the roofs of the Property, which compromised the integrity of the roofing system and caused interior damage to the property, coverage under the Policies for full and complete repairs was more than reasonably clear. However, to date, Alterra has continually refused to provide for the repairs and/or replacement due to Plaintiffs under the Policies.

## VI.
## CONDITIONS PRECEDENT

All conditions precedent to Plaintiffs' causes of action against Alterra have been performed or have occurred. Despite numerous demands by Plaintiffs that Alterra pay the amounts due under the Policies, Alterra has failed and refused and continues to fail and refuse to pay the total value of the claim for which it is obligated to pay under the Policies.

## VII.
## VIOLATIONS OF TEXAS INSURANCE CODE SECTION 542

Alterra has delayed payment of the full amount of Plaintiffs' claim for more than sixty (60) days after receiving all the required and requested items, evidence, statements, and forms from

Plaintiffs. This conduct by Alterra violates §542 of the *Texas Insurance Code,* for which Plaintiffs now complain. Plaintiffs have been compelled to engage the services of the undersigned attorneys for the prosecution and collection of the sums pursuant to its claim. Accordingly, Plaintiffs are entitled to recover from Alterra the additional sum of 18% *per annum* of the amount payable under the Policies, together with reasonable attorneys' fees in the preparation and trial of this action, including any appeals to the Court of Appeals or the Supreme Court of Texas.

## VIII.
## BREACH OF CONTRACT

It is well settled under Texas law that an insurance policy is an enforceable contract between the insured and the insurance provider. Upon denial of full coverage, Alterra breached the insurance contract with Plaintiffs. The breach of contract by Alterra includes the breach of the duty to timely pay all of the loss benefits due to Plaintiffs under the Policies. In addition to the damages outlined below, Alterra's failure to comply with its contractual obligations to Plaintiffs also resulted in actual damages as a result of being compelled to file suit to recover benefits and proceeds to which Plaintiffs are legally entitled. Plaintiffs are also entitled to reasonable attorneys' fees for breach of contract pursuant to *Texas Civil and Practice Remedies Code* §38.001(8).

## IX.
## VIOLATIONS OF TEXAS INSURANCE CODE SECTION 541
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

Plaintiffs would additionally show that from the time their claim was presented to Alterra, and given the voluminous evidence presented demonstrating the need for total roof replacement on the Property, Alterra's liability to pay the full claim was more than reasonably clear. Alterra failed to conduct a reasonable and proper investigation of the claim even when presented with sufficient evidence from Plaintiffs demonstrating the extent of the hailstorm damage to the roofs of the Property. Upon the denial of full coverage, Alterra breached its insurance contract with

Plaintiffs. Due to the special relationship arising between Plaintiffs upon entering the insurance contract, Alterra's wrongful withholding of benefits due under the Policies constitutes a breach of the duty of good faith and fair dealing between the parties to the insurance contract in violation of the common law duty of good faith and fair dealing and §541 of the *Texas Insurance Code.*

## X.
## DAMAGES

As a proximate and/or producing result of the wrongful acts or omissions of Alterra as alleged in this Petition, Plaintiffs have suffered damages in excess of the minimum jurisdictional limit of this Court, including loss of benefits and proceeds due under the Policies, interest and penalties thereon, costs of court, and necessary attorneys' fees in prosecuting this lawsuit against Alterra.

## XI.
## EXEMPLARY DAMAGES

Through the wrongful denial and withholding of the full insurance benefits and proceeds owed to Plaintiffs, Alterra's conduct was malicious, willful, wanton, fraudulent, and/or done with actual conscious indifference to the rights or welfare of Plaintiffs or others similarly situated. Alterra committed such acts as a corporation by and through its agents, servants and/or employees in their managerial capacity and within the course and scope of their employment and/or authority of their agency, and such acts were directly authorized or subsequently ratified by authorized representatives of Alterra. As a result of Alterra's conduct, Plaintiffs hereby sue for exemplary damages in the highest amount allowed by law.

## XII.
## DTPA VIOLATIONS

Plaintiffs would additionally show that they are entitled to relief pursuant to the *Texas Deceptive Trade Practices-Consumer Protection Act* (hereinafter the "DTPA"). At the time Alterra presented the Policies to Plaintiffs, Alterra represented that benefits for property damage would be paid to the extent necessary to repair the Property and replace the roofs with material of like, kind and quality. Alterra's act of denying and withholding payment of benefits due under the Policies constitutes a material misrepresentation of the Policies' benefits and violates §17.46(b) of the DTPA in that Alterra represented that the Policies had characteristics, uses or benefits, which they did not, and that the Policies did not confer the protections and coverage as represented by Alterra. Plaintiffs relied upon the representations of Alterra to their detriment and such representations were material to the transaction and entering into the Policies.

The actions of Alterra by failing to reasonably or properly investigate the claim and pay the full amount of the proceeds due to Plaintiffs were committed intentionally and/or knowingly. Given the evidence presented by Plaintiffs demonstrating the impact damage sustained on the roofs of the Property, Alterra was actually aware at the time of the conduct of the falsity, deception, and unfairness of the conduct of which Plaintiffs now complain. Plaintiffs further allege that Alterra made these false misrepresentations with actual awareness of their falsity at the time they were made. Alterra benefitted from the false representations by retaining benefits and proceeds due and owing Plaintiffs. As such, Plaintiffs are entitled to an award of treble damages stemming from Alterra's actions in violation of the DTPA.

## XIII.
## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial of the above styled and numbered cause. Plaintiffs are entitled to a trial by jury pursuant to the Constitution of the State of Texas, Art. 1, §15, Art. 5,

§10 and *Texas Rule of Civil Procedure* 216. Payment of a jury fee accompanied the filing of this Petition.

## XIV.
## REQUEST FOR DISCLOSURE

Pursuant to *Texas Rule of Civil Procedure* 194, Plaintiffs JM Texas Companies, LLC and Eagle Railcar Services-Wichita Falls, Texas, LLC hereby serve Defendant Altera America Insurance Company with its Request for Disclosure, to be answered within fifty (50) days of service of this Plaintiff's Original Petition.

## XV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs JM Texas Companies, LLC and Eagle Railcar Services-Wichita Falls, Texas, LLC respectfully request that Defendant Alterra America Insurance Company be cited to appear and answer herein and that upon final trial judgment be entered for:

1. Benefits payable under the insurance Policies made the subject of this suit;

2. Damages for the harm suffered by Plaintiffs and described in this petition in a sum as found by the trier of fact in excess of the minimum jurisdictional limits of the Court;

3. Exemplary damages as found by the trier of fact;

4. Treble damages as determined by the trier of fact for Defendant's actions in violation of the DTPA;

5. 18% interest *per annum* on the amounts payable under the Policies by the trier of fact pursuant to §542 of the *Texas Insurance Code*;

6. Pre-judgment and post-judgment interest on all sums awarded to Plaintiffs by the trier of fact at the highest interest rate allowed by law;

7. An award of all costs of court;

8. An award of reasonable and necessary attorneys' fees;

9.   Any and all other and further relief to which Plaintiffs may show themselves to be justly entitled at law or in equity.


Respectfully submitted,


Randal L. Dean, SBN 00789249
Shane M. Vreeland, SBN 24103567
BROWN PRUITT WAMBSGANSS FERRILL & DEAN, P.C.
801 Wells Fargo Tower
201 Main Street
Fort Worth, TX 76102
T: (817) 338-4888
F: (817) 338-0700
E: rdean@brownpruitt.com
E: svreeland@brownpruitt.com

**ATTORNEYS FOR PLAINTIFFS**

Exhibit A-3-b

File No. 186,971-C

**FILED FOR RECORD**

**CITATION FOR PERSONAL SERVICE**

AT: _____ 8 _____ O'Clock ___ M

JM TEXAS COMPANIES, LLC, AND EAGLE RAILCAR SERVICES-WICHITA FALLS, TEXAS, LLC

SEP 1 1 2017

VS.

ALTERRA AMERICA INSURANCE COMPANY

PATTI FLORES, Clerk Dist.
Courts & County Courts at Law
Wichita County, Texas

By _____ Deputy

**RETURN**

In the 89th DISTRICT COURT
of Wichita County, Texas

Issued September 1, 2017
PATTI FLORES, Clerk
District Courts & County Courts-at-Law

By _____
LYNETTE GUTHRIE, DEPUTY

Attorney: RANDAL L. DEAN
BROWN PRUITT WAMBSGANSS FERRILL & DEAN, P.C.
801 WELLS FARGO TOWER
201 MAIN STREET
FORT WORTH, TEXAS 76102
31ST DAY OF AUGUST, 2017

**RETURN**

This Citation was received by me on the _1st_ day of _September_ , 20 _17_ , at _8:00 A_ M.

This Citation was executed by mailing as Certified Mail from Wichita Falls, Texas, me on the _1st_ day of _September_ , 20 _17_ , at _3:30 P_ M. to the within named Defendant, ALTERRA AMERICA INSURANCE COMPANY with delivery restricted to addressee only, a true copy of this Citation with a copy of the _Plaintiff's Original Petition_ attached to it. Attached to this return is the Return Receipt with the addressee's signature.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The distance actually traveled by me in serving this process was _____ miles. I am an adult and in no manner of interest in this suit.

| FEES: | Serving | $ _125.00_ |
| | Postage | $ _9.00_ |

Patti Flores, Clerk
District Courts and County Court at Law
Wichita County, Texas

By: _____
LYNETTE GUTHRIE, DEPUTY

. NOTE: Must be verified if served outside the State of Texas.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Signed and sworn to be the said _____ before me this _____ day of _____ , 20_____ , to certify which witness my hand and seal of office.

_____

DEPUTY, District Clerk & County Courts-at-Law
Wichita County, Texas

## CITATION FOR PERSONAL SERVICE – 89th DISTRICT COURT

### THE STATE OF TEXAS

TO:  ALTERRA AMERICA INSURANCE COMPANY, a foreign insurance carrier licensed to do business in the state of Texas, Defendant, Greeting:

You are commanded to appear before the Honorable 89TH DISTRICT COURT of Wichita County, Texas, at the Courthouse in Wichita Falls, Texas by filing a written answer, at or before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation, to PLAINTIFF'S ORIGINAL PETITION, filed in said Court on the 31ST DAY OF AUGUST, 2017, in the cause numbered 186,971-C on the docket of said court and styled,

**JM TEXAS COMPANIES, LLC, AND EAGLE RAILCAR SERVICES-WICHITA FALLS, TEXAS, LLC**
VS.
**ALTERRA AMERICA INSURANCE COMPANY**

The nature of PLAINTIFF, PLAINTIFF'S ORIGINAL PETITION demand is fully shown by a true and correct copy of PLAINTIFF'S ORIGINAL PETITION accompanying this citation, and made a part hereof.

The officer executing this writ shall promptly serve the same according to the requirements of law, and the mandates hereof, and make the return as the law directs.

Issued and given under my hand and the Seal of said Court at Wichita Falls, Texas, this the 1st day of September, 2017.

PATTI FLORES, Clerk
89th DISTRICT COURT
Wichita Courthouse
900 7th STREET ROOM 303 P.O. BOX 718
Wichita Falls, Texas 76301

By: _____
LYNETTE GUTHRIE, DEPUTY

This copy of Citation was delivered to you on the ____ ____ day of _____, 20_____.

_____
Sheriff/Constable/District Clerk

_____ County _____

By _____ Deputy

### IMPORTANT NOTICE

**YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.**

**7016 1370 0000 6620 3462**

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
## Domestic Mail Only

For delivery information, visit our we

Certified Mail Fee
$

Extra Services & Fees (check b
☐ Return Receipt (hardcopy)
☐ Return Receipt (electror
☐ Certified Mail Restr
☐ Adult Signature
☐ Adult Signatu

Postage
$

To:
$

Stree

City, State

No.

ALTERRA AMERICA INSURANCE COMPANY
c/o CT CORPORATION SYSTEM
350 NORTH ST. PAUL STREET
DALLAS, TEXAS 75201

ostmark
Here

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

# Certified Mail service provides the following benefits:

- A receipt (this portion of the Certified Mail label).
- A unique identifier for your mailpiece.
- Electronic verification of delivery or attempted delivery.
- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

## Important Reminders:

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.
- Certified Mail service is *not* available for international mail.
- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.
- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt*; attach PS Form 3811 to your mailpiece;

for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.
  - Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.
  - Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).
  - Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).
- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT: Save this receipt for your records.**

PS Form **3800**, April 2015 *(Reverse)* PSN 7530-02-000-9047

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse so that we can return the card to you.

■ Attach this card to the back of the mailpiece, or on the front if space permits.

ALTERRA AMERICA INSURANCE COMPANY
c/o CT CORPORATION SYSTEM
350 NORTH ST. PAUL STREET
DALLAS, TEXAS 75201



9590 9402 2765 6351 5920 29

2. Article Number (Transfer from service label)

7016 1370 0000 6620 3462

PS Form 3811, July 2015 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X *Chris Wells*
☐ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
Chris Wells                        SEP 16 2017

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

USPS TRACKING #

9590 9402 2765 6351 5920 29

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
No. G-10

FILED OF RECORD

AT ___ o'Clock ___ M

• Sender: Please print your name, address, and ZIP+4® in this box•

PATTI FLORES, Clerk Dist.
County & County Courts at Law
Wichita County, Texas

By _____ Deputy

FEB 11 2017

PATTI FLORES
WICHITA COUNTY DISTRICT CLERK
P.O. BOX 718
WICHITA FALLS, TX 76307

186,971-

Exhibit A-3-c

Filed 09/29/2017 12:23 PM
Patti Flores
District Clerk
Wichita County, Texas

Fran Findlay

CAUSE NO. 186,971-C

| | | |
|---|---|---|
| JM TEXAS COMPANIES, L.L.C., AND EAGLE RAILCAR SERVICES-WICHITA FALLS, TEXAS, L.L.C., | § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | WICHITA COUNTY, TEXAS |
| ALTERRA AMERICA INSURANCE COMPANY, | § § § § | |
| Defendant. | § § | 89th JUDICIAL DISTRICT |

### DEFENDANT ALTERRA AMERICA INSURANCE COMPANY'S ORIGINAL ANSWER WITH AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFFS' ORIGINAL PETITION

Defendant Alterra America Insurance Company ("AAIC") files the following Original Answer with Affirmative and Other Defenses to Plaintiffs' Original Petition and states:

### GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, AAIC generally denies each and every allegation contained in Plaintiffs' Original Petition and demands strict proof thereof. By this general denial, AAIC demands that Plaintiffs prove every fact in support of their claims for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and violations of the duty of good faith and fair dealing by a preponderance of the evidence. By this general denial, AAIC further demands that Plaintiffs prove every fact in support of their exemplary damages claim(s) by clear and convincing evidence.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

2.     Plaintiffs' claims are subject to all of the terms, conditions, limitations, exclusions, and deductibles contained in the Policy.

### Second Defense

3.     The amount recoverable for Plaintiffs' claims are limited by the applicable limits, any sublimits or deductibles contained in the Policy.

### Third Defense

4.     Plaintiffs' claims are barred, in whole or in part, to the extent the damage, if any, was not caused by or resulting from a covered cause of loss.

### Fourth Defense

5.     Plaintiffs' claims are barred, in whole or in part, to the extent the damage, if any, was not to property covered by the Policy.

### Fifth Defense

6.     Plaintiffs' claims are barred, in whole or in part, to the extent the physical loss or damage claimed under the Policy was pre-existing and/or did not occur within the applicable Policy period.

### Sixth Defense

7.     Plaintiffs' claims are barred, in whole or in part, to the extent the physical loss or damage claimed under the Policy is the result of Water, as that term is used in the Policy, or continued seepage of any other water.

### Seventh Defense

8.     Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' and/or its agents' failure to meet all conditions precedent to the recovery Plaintiffs now seek under the Policy,

including but not limited to those conditions associated with providing access for an inspection of the location at issue and providing the proper submission of a claim.

### Eighth Defense

9.     Plaintiffs' claims are barred, in whole or in part, by the Policy's exclusion of loss caused by wear and tear, deterioration, or loss caused by any quality in property that causes it to damage or destroy itself.

### Ninth Defense

10.     Plaintiffs' claims are subject to the appraisal provision in the Policy, which applies in the event of any disagreement as to the amount of loss. AAIC specifically reserves its rights under the appraisal provision of the Policy.

### Tenth Defense

11.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs and/or their agents intentionally concealed or misrepresented any material fact relating to the insurance and claim that form the basis of this suit, at any time.

### Eleventh Defense

12.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs' and/or their agents' acts or omissions proximately caused or contributed to Plaintiffs' injury.

### Twelfth Defense

13.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver, and unclean hands.

### Thirteenth Defense

14.     A bona fide controversy exists concerning the extent of Plaintiffs' entitlement to benefits under the Policy. AAIC and its employees, agents, representatives, and adjusters are entitled to value claims differently from AAIC's policyholders without facing bad faith or extra-

contractual liability. AAIC will show that a bona fide controversy exists regarding the scope of any alleged covered loss and/or whether the extent to which any asserted loss was the result of a covered occurrence or occurrences to covered property.

### Fourteenth Defense

15.     Plaintiffs claim for exemplary damages constitutes an unconstitutional excessive fine under Article 1, Section 13 of the Texas Constitution because such highly penal sanctions may be imposed for the benefit of society under standards so vague and effectively meaningless as to threaten unlimited punishment bearing no relation to the extent of any injury allegedly inflicted at the unbridled discretion of the jury.

### Fifteenth Defense

16.     To date, Plaintiffs have failed to provide sufficient information to enable AAIC to fully evaluate the defenses that may apply to Plaintiffs' alleged losses or damages. Accordingly, AAIC reserves the right to assert additional defenses with respect to such losses or damages as additional information becomes available or apparent as this litigation proceeds.

### RESERVATION OF RIGHTS

17.     By appearing and answering herein, AAIC does not waive, and expressly reserves, all rights and defenses that AAIC may have (or that may arise) under the Policy and/or applicable law. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses that AAIC may have (or that may arise) under the Policy and/or applicable law.

### ATTORNEYS' FEES AND COURT COSTS

18.     AAIC intends to prove and seek a finding that this suit was brought in bad faith or for the purpose of harassment, which entitles AAIC to attorneys' fees and court costs under Texas Insurance Code § 541.153.

## PRAYER

AAIC prays that (i) Plaintiffs' claims for relief be denied in their entirety, (ii) Plaintiffs take nothing by their claims, (iii) AAIC be awarded all reasonable attorneys' fees and costs incurred in connection with Plaintiffs' claims, and (iv) AAIC be granted such other and further relief to which it is justly entitled.

Respectfully submitted,

**ZELLE LLP**

By:    /s/ Todd M. Tippett
　　　Todd M. Tippett
　　　Texas Bar No. 24046977
　　　TTippett@zelle.com
　　　Walter W. Cardwell IV
　　　Texas Bar No. 24094419
　　　wcardwell@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT
ALTERRA AMERICA INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this Original Answer with Affirmative and Other Defenses has been served this 29th day of September, 2017, by electronic filing as follows:

Randal L. Dean, SBN 00789249
rdean@brownpruitt.com
Shane M. Vreeland, SBN 24103567
svreeland@brownpruitt.com
BROWN PRUITT WAMBSGANSS FERRILL
   & DEAN, P.C.
801 Wells Fargo Tower
201 Main Street
Fort Worth, TX 76102
Telephone:   817-338-4888
Facsimile:   817-338-0700

**ATTORNEY FOR PLAINTIFFS**

_/s/ Todd M. Tippett_
Todd M. Tippett